

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SAMUEL EUGENE WARRICK, § § Petitioner, § § v. § § UNITED STATES OF AMERICA, § § Respondent. § | CIVIL No. 2:19-CV-157-Z (CRIMINAL No. 2:18-CR-020-Z-1) |

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

This matter comes before the Court on Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, submitted on the corrected form shortly after initial filing on July 15, 2019 (ECF No. 3) ("Motion"). Petitioner requested and was granted leave to file a supplement to his Motion. ECF Nos. 13–15. The Respondent then filed a Response. ECF No. 16. The Petitioner filed a Reply. ECF No. 17. For the reasons set forth below, the Motion to Vacate is **DENIED**.

### BACKGROUND

Petitioner moves to set aside his conviction and sentence. On April 11, 2018, Petitioner pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* CR ECF No. 18 at 1–2 (Plea Agreement).[1] Petitioner was sentenced to 120 months in prison and a supervised release term of three years. CR ECF No. 28 at 2 (Judgment). Petitioner did not file a direct appeal of his conviction or sentence.

---

[1] Record citations to Petitioner's underlying criminal case, *United States v. Warrick*, 2:18-CR-020-Z-BR-1 shall be to "CR ECF No." throughout this Opinion.

**LEGAL STANDARD**

"Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (internal marks omitted). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a Section 2255 Motion, a petitioner must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

**ANALYSIS**

Petitioner's claims assert legal actual innocence. Petitioner argues that, following the decision in *Rehaif v. United States*, – U.S. –, 139 S. Ct. 2191 (2019), his conviction is not sustainable. Petitioner asserts that his plea was involuntary because he did not understand that an element of the offense required his knowledge that he was not allowed to possess a firearm. ECF Nos. 2, 3, 13, and 14. He further asserts that counsel was ineffective for advising him to accept the plea agreement. *See id.*

Last year, the Fifth Circuit held that *Rehaif* created a new rule of law that applied retroactively, and that initial Section 2255 petitions — unlike successive motions to vacate — should apply the new rule to standing convictions. *See United States v. Kelley*, 40 F.4th 250, 253 (5th Cir. 2022). However, the appellate court left open the question procedural default regarding these claims. *See id.*

The Respondent asserts that Petitioner procedurally defaulted on his claim under *Rehaif*. ECF No. 16 at 9–11. Petitioner responds that ineffective assistance of counsel resulted in the procedural default and the lack of appeal, as he was advised there were no meritorious issues for appeal. ECF No.

2

17. As the Respondent notes, the Fifth Circuit has held that "solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) (internal marks omitted). Counsel, however, is not ineffective for failing to raise a claim that courts in the controlling jurisdiction have rejected, for not raising every nonfrivolous ground on appeal, or for failing to foresee future pronouncements. *Id.* at 294-95. Indeed, "[c]lairvoyance is not a required attribute of effective representation." *Id.* So the question becomes if Petitioner's failure to appeal is excusable to prevent procedural default absent ineffective assistance of counsel. Procedural default is one ground upon which the Court could rely to bar these claims; however, the Court finds that Petitioner's claims are, in fact, meritless based on the facts and **DENIES** his request to vacate his conviction and sentence on that basis.

*Rehaif* claims can be refuted by the record as a whole if the admitted and conceded facts or plea agreement reveal that the Petitioner unquestionably knew that he was within the class of persons prohibited from possessing a weapon under 18 U.S.C. § 922(g). Here, Petitioner's Factual Resume and the presumption of regularity with the Texas state court conviction, resolve these questions. CR ECF No. 17 at 1–3. Petitioner, in open court during his sentencing hearing, described to the sentencing judge how he was "in good status on parole" despite his drug addiction at the time of his arrest with multiple firearms in 2017. CR ECF No. 34 at 8. Petitioner was aware of his felony conviction through his sentence and parole conditions. Additionally, statements made during his PSR interview, that were not corrected through any objections, reveal that Petitioner was aware of his felony conviction and the prohibition to possess firearms resulting from that conviction. CR ECF No. 23-1 at 6–7. Petitioner made numerous statements regarding his acceptance of responsibility at his sentencing hearing and during the sentencing process that reflect his understanding of the nature of his plea. *Rehaif* requires the government prove as an element of the offense a defendant's knowledge of his status as a felon or person prohibited from possessing a firearm. There is overwhelming evidence in the record before the

Court that Petitioner was aware of his status as a felon before possessing firearms. Thus, Petitioner's claim is meritless and his Motion is **DENIED**. For the same reasons, Petitioner's claims that his plea was not voluntary is likewise meritless and is **DENIED**.

CONCLUSION

For the reasons set forth above, the Motion is **DENIED**.

**SO ORDERED.**

March 6, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE